UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
: 
VALERIE RAINES, :
: CASE NO. 1:14-CV-00003
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Docs. No. 40, 56, & 70]
COLLEGE NOW GREATER :
CLEVELAND, INC., *et al.*, :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant The Cleveland Foundation moves the Court to dismiss Plaintiff Valerie Raines's Third Amended Complaint for failure to state a claim upon which relief can be granted.[1] Plaintiff opposes.[2] For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss.

**I. Background**

Defendants College Now Greater Cleveland, Inc. ("College Now"), the City of Cleveland, the Cleveland Metropolitan School District, and The Cleveland Foundation ("the Foundation") formed the Higher Education Compact of Greater Cleveland (the "Compact") to help Cleveland

---

[1] Doc. 40; Doc. 70.
[2] Doc. 56.

-1-

Case No. 1:14-CV-00003
Gwin, J.

youth with higher education.[3]

On or about 1, 2012, Defendants hired Plaintiff Raines as Executive Director of the Compact.[4] Defendants told Raines they intended to employ her for at least three years.[5]

During her employment, Raines wrote a report titled "Higher Education Compact of Greater Cleveland; Strategic Issues Paper: Student Information Access" (the "Student Privacy Report").[6] The Student Privacy Report detailed potential violations of student privacy rights.[7] Raines told the Defendants her worries that student privacy rights might be violated because the Compact allowed access to student information.[8]

On or around, January 18, 2013, Defendants, acting through the Compact, fired Raines.[9] The Compact then replaced Plaintiff Raines with a substantially younger individual.[10]

After being fired, Plaintiff Raines filed a Complaint in the Cuyahoga County Court of Common Pleas against Defendants College Now, the Compact, the City of Cleveland, the Cleveland Metropolitan School District ("CMSD"), the Cleveland Foundation, and public employees Monyka Price and Eric Gordon.[11]

On January 8, 2014, the Defendants removed the case to this Court.[12] In her Third Amended Complaint, Plaintiff Raines brings claims against the Foundation for civil conspiracy in violation of

---

[3] Doc. 58 at 3-4.
[4] *Id.* at 4-5
[5] *Id.* at 9.
[6] *Id.* at 7.
[7] *Id.*
[8] *Id.* at 10.
[9] *Id.* at 5.
[10] *Id.* at 17.
[11] Doc. 2; Doc. 3.
[12] Doc. 1.

Case No. 1:14-CV-00003
Gwin, J.

42 U.S.C. § 1983 (Third Cause of Action), public policy wrongful discharge (Fourth Cause of Action), tortious spoliation of evidence (Fifth Cause of Action), breach of contract (Sixth Cause of Action), promissory estoppel (Seventh Cause of Action), and age discrimination and aiding and abetting age discrimination under Ohio Revised Code Chapter 4112 (Ninth & Tenth Causes of Action).[13]

On March 19, 2014, Defendant The Cleveland Foundation filed a motion to dismiss for failure to state a claim.[14] Plaintiff opposed.[15] The motion is ripe.

**II. Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' "[16] The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[17]

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief."[18] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing

---

[13] Doc. 58.
[14] Doc. 40.
[15] Doc. 56.
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[17] *Id.*
[18] Fed. R. Civ. P. 8(a)(2).

-3-

Case No. 1:14-CV-00003
Gwin, J.

more than conclusions."[19] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[ ] veracity" of "well-pleaded factual allegations."[20]

### III. Analysis

**A. Civil Conspiracy**

Defendant The Cleveland Foundation says that Plaintiff Raines cannot state a claim under Section 1983 because The Cleveland Foundation is not a state actor. To make a Section 1983 claim, plaintiffs must establish that they were deprived of a right secured by the Constitution or the laws of the United States and that this deprivation was caused by a person acting under the color of state law.[21] When a defendant is a private entity, the Sixth Circuit uses three tests to determine whether its "conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test."[22]

However, these tests are not relevant in cases, such as the one before the Court,[23] where there are allegations of cooperation or concerted action between the state and private actors.[24] When a "private party [...] conspire[s] with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983."[25] In order to state a claim for civil conspiracy, a plaintiff must show "there was a single plan, that the alleged coconspirator shared

---

[19] *Iqbal,* 556 U.S. at 678–79. (citations omitted).
[20] *Id.*
[21] *Memphis, Tennessee Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004).
[22] *Id.*
[23] Plaintiff Raines agreed not to pursue her First Amendment retaliation and deprivation of due process claims against the Foundation. Therefore, her only remaining Section 1983 claim is for civil conspiracy. Doc. 56 at 12 n. 63; *see also* Doc. 58.
[24] *Id.*
[25] *Cooper v. Parrish*, 203 F.3d 937, 952 n. 2 (6th Cir.2000).

-4-

Case No. 1:14-CV-00003
Gwin, J.

in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant."[26]

Here, Raines sufficiently alleges all the elements of conspiracy to survive the motion to dismiss. Plaintiff Raines says that a single plan existed (there was a joint decision); that the conspirators shared in the general objective (to violate Raines's constitutional rights); and that an overt act was committed in furtherance of the conspiracy that caused injury (to fire Raines in violation of her constitutional rights).[27] Plaintiff Raines has alleged sufficient facts to state a claim for civil conspiracy against Defendant The Cleveland Foundation.

**B. Wrongful Discharge in Violation of Public Policy**

With her Fourth Cause of Action, Plaintiff says Defendants fired her in violation of Ohio public policy. The Cleveland Foundation says that Plaintiff Raines's public policy wrongful discharge cannot succeed because Plaintiff Raines failed to identify a clear public policy that prohibited her termination.[28][29]

An Ohio employer may generally fire an at-will employee for any reason at any time. However, Ohio recognizes an exception to the at-will doctrine for wrongful discharge in violation of public policy, commonly known as a *Greeley* claim.[30]

To state an Ohio public policy wrongful discharge claim, Plaintiff must show that: (1) a

---

[26] *City of Memphis*, 361 F.3d at 905 (quoting *Hooks v. Hooks*, 771 F.2d 935 (6th Cir.1985)).
[27] Doc. 58.
[28] Doc. 40-1 at 7; Doc. 18-1 at 7.
[29] Defendant The Cleveland Foundation also says that Plaintiff Raines's public policy wrongful discharge claim fails because Plaintiff was not an the employee of any "partnership." This argument does not have to be addressed because it was raised for the first time in the reply brief. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir.2008) (quoting *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed.Cir.2002)). However, the Court notes that it considers the Compact to constitute a partnership and the Cleveland Foundation to be one of the partners.
[30] *Greeley v. Miami Valley Maintenance Contractors,* 551 N.E.2d 981 (Ohio 1990).

Case No. 1:14-CV-00003
Gwin, J.

"clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element)"; (2) "dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element)"; (3) Plaintiff's "dismissal was motivated by conduct related to the public policy (the *causation* element)"; and (4) Plaintiff's employer "lacked overriding legitimate business justification for the dismissal (the *overriding justification* element)."[31]

The clarity and jeopardy elements of the test are issues of law for a court's determination, while the causation and overriding justification elements are questions for the fact finder.[32]

To satisfy the clarity element of a wrongful discharge in violation of public policy claim, "a terminated employee must articulate a clear public policy by citation of specific provisions in the federal or state constitution, federal or state statutes, administrative rules and regulations, or common law."[33] The specific provisions must be applicable to the plaintiff.[34]

In the present case, Raines does not demonstrate a clear public policy forbidding the discharge of employees for objecting to violations of student privacy rights. In trying to satisfy the clarity element, Raines cites the Education Rights and Privacy Act, 20 U.S.C. § 1232g as well as Ohio Revised Code Sections 3319.321, 1347.05 and 1347.071. However, the laws that Raines cites do not apply to her discharge.

20 U.S.C. § 1232g only applies to "educational agencies or institutions."[35] While The Cleveland Foundation may have funded a program with an educational goal, the Foundation is not

---

[31] *Dohme v. Eurand Am., Inc.*, 956 N.E.2d 825, 829 (Ohio 2011).
[32] *Id.*
[33] *Id.* at 831.
[34] *Id.* at 830.
[35] 20 U.S.C. § 1232g.

Case No. 1:14-CV-00003
Gwin, J.

an educational agency or institution.

Ohio Revised Code Section 3319.321 limits public access to student records.[36] Section. 1347.05 requires every state or local agency with a personal information system to implement procedures to protect personal information.[37] Section1347.071 places limits on the placement of personal information in interconnected or combined systems.[38]

More relevant, Ohio Administrative Code 4123-16-13 provides for the suspension or removal of "[a]ny employee who initiates or otherwise contributes to any disciplinary or other punitive action against any individual who brings to the attention of appropriate authorities, the press, or any member of the public evidence of unauthorized use of personal information."[39] This Ohio regulation reflects sufficient clarity to satisfy Defendant's motion to dismiss the public policy claim.

**C. Tortious Spoliation of Evidence**

Defendant The Cleveland Foundation says that Plaintiff Raines cannot state a claim for spoliation of evidence because she cannot show her case was disrupted.[40]

To state a claim for spoliation of evidence, a plaintiff must establish "(1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts."[41]

In her Third Amended Complaint, Plaintiff Raines alleges that Defendant believed litigation

---

[36] Ohio Rev. Code § 3319.321.
[37] Ohio Rev. Code § 1347.05.
[38] Ohio Rev. Code § 1347.071.
[39] Ohio Admin. Code 4123-16-13
[40] Doc. 40-1 at 5.
[41] *Ed Schmidt Pontiac-GMC Truck, Inc. v. Chrysler Motors Co., LLC*, 575 F. Supp. 2d 837, 840 (N.D. Ohio 2008) (quoting *Smith v. Howard Johnson*, 615 N.E.2d 1037 (Ohio 1993)).

-7-

Case No. 1:14-CV-00003
Gwin, J.

was likely and willfully destroyed their electronic copy of the Student Privacy Report.[42] Plaintiff Raines also says that she has a physical copy of the report but says that metadata associated with the report has independent importance.

Although her spoilation claim is not clear regarding damages, we are at the motion to dismiss claim. While Raines's claim may not survive summary judgment, she sufficiently alleges a claim to survive a motion to dismiss. Plaintiff Raines only has a hard copy of the Student Privacy Report. She does not possess the metadata from the document. We will later sort through whether any loss of metadata has caused damage.

The motion to dismiss the spoilation claim is denied.

**D. Breach of Contract**

Defendant The Cleveland Foundation says that Plaintiff Raines breach of contract claim should fail because the Foundation was not a party to the employment agreement and because Ohio's Statute of Frauds bars the claim.[43]

A breach of contract claim in Ohio has four elements: (1) the existence of a valid contract; (2) the plaintiff's performance; (3) the defendant's breach; and (4) proximately resulting damages.[44] In Ohio, "a contract requires (1) an offer and acceptance (i.e., a meeting of the minds); (2) on a lawful subject matter; and (3) sufficient consideration in order to be enforceable."[45]

Plaintiff Raines alleged sufficient facts to create a plausible claim that the parties entered into a contract. Plaintiff Raines alleges that the employment contract was between her and all Defendants

---

[42] Doc. 58.
[43] Doc. 18-1 at 12-13.
[44] *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir.2006) (interpreting Ohio law).
[45] *Faktor v. Lifestyle Lift*, 1:09-CV-511, 2009 WL 2256263 (N.D. Ohio July 22, 2009) (internal quotation marks omitted).

Case No. 1:14-CV-00003
Gwin, J.

as a Compact.[46/] Plaintiff alleges Defendants partnered to hire her. Plaintiff Raines alleges sufficient facts to maintain a claim for breach of contract against the Foundation.

As to Defendant's statue of frauds argument,[47/] the Court declines to address this issue on the motion to dismiss. Under Ohio law, "[t]he statue of frauds is an affirmative defense to a claim."[48/] A complaint is not required to anticipate and negate affirmative defenses that defendant might rise.[49/] As a result, the Court will not dismiss this claim at this stage of the litigation.[50/]

**E. Promissory Estoppel**

Defendant The Cleveland Foundation says that Plaintiff Raines's claim for promissory estoppel fails because she cannot show a "clear and unambiguous" promise of continued employment.[51/]

"The elements necessary to establish a claim for promissory estoppel are: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party claiming estoppel must be injured by the

---

[46/] Doc. 58 at 13.

[47/] Ohio's statute of frauds provides:
No action shall be brought whereby to charge the defendant . . . upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.
Ohio Rev. Code § 1335.05.

[48/] *Lebo v. Impac Funding Corp.*, 5:11CV1857, 2012 WL 630046 (N.D. Ohio Feb. 8, 2012)(citation omitted).

[49/] *Id.*

[50/] The Ohio Supreme Court has stated "[s]everal writings, though made at different times, may be construed together, for the purpose of ascertaining the terms of a contract required, by the statute of frauds, to be in writing and signed by the party to be charged therewith." *Thayer v. Luce*, 22 Ohio St. 62 (1871). "If some only of such writings be so signed, reference must be specifically made therein to those which are not so signed; but if each of the writings be so signed, such reference to the others need not be made, if, by inspection and comparison, it appear that they severally relate to or form part of the same transaction." *Id.*

[51/] Doc. 18-1 at 27; Doc. 40-1 at 7.

Case No. 1:14-CV-00003
Gwin, J.

reliance."[52]

Plaintiff Raines pleads that before she accepted Defendants offer of employment, Defendants communicated that they obtained funding and intended to employ plaintiff for three years.[53] At this juncture, the Complaint has sufficiently alleged facts to support a claim of promissory estoppel.

**F. Age Discrimination in Violation of Ohio Revised Code Sections 4112.14 and 4112.02(N)**

Defendant The Cleveland Foundation says Plaintiff Raines's age discrimination under Ohio Revised Code Section 4112.14 fails because Defendant The Cleveland Foundation was not Raines's employer [54] and because Raines does not plead sufficient facts to support her assertion that she was replaced with a substantially younger individual.[55]

First, as discussed earlier, the Court finds that Plaintiff Raines sufficiently pleads that The Cleveland Foundation were partners in the Compact that employed Raines.

Second, the Court finds that Plaintiff sufficiently pleads her age discrimination claim under 4112.14. To state a claim under 4112.14, the plaintiff must allege that she: "(1) was a member of the statutorily protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age."[55] Raines says that she was over the age of forty; she was terminated her for reasons unrelated to her work; and she was replaced with a substantially younger individual.[56] She sufficiently states a claim under Section 4112.14.

---

[52] *Price v. Kaiser Aluminum Fabricated Prods., L.L.C.*, 2013-Ohio-2420.
[53] Doc. 58 at 14.
[54] Doc. 18-1 at 16.
[55] Doc. 40-1 at 6.
[55] *Coryell v. Bank One Trust Co. N.A.*, 803 N.E.2d 781, 783 (2004).
[56] Doc. 58 at 15-16.

Case No. 1:14-CV-00003
Gwin, J.

However, the Court find that Plaintiff Raines cannot state a claim under Ohio Revised Code Section 4112.02(J) because the Ohio claim is barred by the 180-day limitations period. The Court finds that the 180 day statute of limitations applies to any civil suit brought under Section 4112.02.[57] Section 4112.02 prohibits discrimination in employment on the basis of age, and specifies that a civil action to "enforce the individual's rights" relative to such discrimination must be instituted within 180 days of the alleged unlawful discriminatory practice.[58] Since this claim was not filed until December 6, 2013, 323 days after her termination, it is barred by the statute of limitations.

The Court finds that the tolling agreement with College Now does not apply to The Cleveland Foundation because Plaintiff Raines only states that she and College Now entered into such an agreement.[59]

### IV. Conclusion

For the reasons set forth above, the Court **DENIES IN PART** and **GRANTS IN PART** Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: June 3, 2014                        s/            *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[57] *See* Jones v. Bd. of Elections, 2004-Ohio-4750. ("Any action brought under R.C. 4112.02 shall be brought within 180 days after the alleged unlawful discriminatory practice occurred.")
[58] *See* Ohio Rev. Code § 4112.02(N).
[59] Doc. 58 at 7.