UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
VALERIE RAINES,                                 :
                                                :   CASE NO. 1:14-CV-00003
            Plaintiff,                          :
                                                :
vs.                                             :   OPINION & ORDER
                                                :   [Resolving Docs. No. 101 & 103]
COLLEGE NOW GREATER                             :
CLEVELAND, INC., *et al.*,                      :
                                                :
            Defendants.                         :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Valerie Raines moves under Rule 36 of the Federal Rules of Civil Procedure to deem the outstanding requests for admissions served on Defendant the City of Cleveland admitted as true.[1] In response, Defendants the City of Cleveland and Ms. Monkya Price (the "City Defendants") request leave to file untimely answers to Plaintiff's second set of discovery requests and requests for admissions.[2]

On May 8, 2014, Plaintiff Raines served her second discovery requests on the City Defendants, including requests for admissions.[3] The City Defendant's responses were due June 10, 2014. The City Defendants did not respond or request an extension of time.

---

[1] Doc. 101.
[2] Doc. 103.
[3] Doc. 101-1.

-1-

Case No. 1:14-CV-00003
Gwin, J.

On July 16, 2014, Plaintiff sent the City Defendants a letter again requesting the discovery responses.[4] The City Defendants did not respond.

Federal Civil Rule 36(a) states that a matter is deemed admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."[5]

However, under Rule 36(b)(3) "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."[6]

"A district court has considerable discretion over whether to permit withdrawal or amendment of admissions."[7] The first prong of the Rule 36(b) test is satisfied "when upholding the admission would practically eliminate any presentation on the merits of the case."[8] The second prong is satisfied when "the prejudice contemplated . . . is not simply that the party who initially obtained the admission will now have to convince the factfinder of its truth, . .. [but] rather, relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission."[9]

Here, the Court finds that deeming the outstanding requests for admissions as admitted would severely hinder the merits consideration of Plaintiff's claims. Further the Court finds that Plaintiff

---

[4] Doc. 101-2.
[5] Fed. R. Civ. P. 36(a)(3).
[6] Fed. R. Civ. P. 36(b).
[7] *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 154 (6th Cir.1997) (internal quotation marks and citation omitted).
[8] *Clark v. Johnston*, 413 F. App'x 804, 818 (6th Cir.2011) (citation omitted).
[9] *Id*. (quoting *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 154 (6th Cir.1997) (internal quotation marks omitted)).

Case No. 1:14-CV-00003
Gwin, J.

Raines cannot show any "special difficulties" she will face if the request for leave to file untimely responses is granted.

Accordingly, the Court **DENIES** Plaintiff Raines's motion to deem the outstanding requests for admissions served on the City Defendants admitted as true.  The Court **GRANTS** the City Defendants' motion for leave to file untimely answers to Plaintiff's second set of discovery requests and requests for admissions.

The City Defendant shall file their responses 10 days from the issuing of this order.


IT IS SO ORDERED.

Dated: August 15, 2014                                  s/      *James S. Gwin*
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE